## BOARD OF EDUCATION OF WEST PERKINS SPECIAL RURAL SCHOOL DISTRICT v BECKLEY

Ohio Appeals, 6th Dist, Erie Co.
No 335. Decided Oct. 13, 1930

Hertlein & Schwer, Sandusky, for Board.
Krueger, Rosino & Moore, Sandusky, for Beckley.

**WILLIAMS, J.**

Hulls Corners' school was an elementary school and under 7830 GC, she was required to have

"from a certificating authority having legal jurisdiction a certificate * * * that he is qualified to teach orthography, reading, writing, arithmetic, English grammar and composition, geography, history of the United States, physiology, including narcotics, literature, and elementary agriculture, and that he possesses an adequate knowledge of the principles of teaching; except as provided in **Sections 7807-9, 7807-10, 7807-6, 7852 and 7831-1.**"

The sections last referred to in the above quoted passage have no bearing upon the instant case.

As the the only certificate possessed by the defendant in error was provisional in character and authorized her to teach English and History only, she did not have a certificate which would authorize her to teach in an elementary school such as that at Hulls Corners' was.

Under 7786 GC, the clerk of the Board of Education can not lawfully draw an order for the payment of a teacher's salary until the teacher files with such clerk a written statement from the Superintendent of Schools showing that there has been filed with him a legal teacher's certificate (or a true copy thereof) to teach the subjects or grades taught. As the certificate on file authorized only the teaching of English and History, in high schools of Ohio, it was not such a certificate as was required to teach in an elementary school. Without the required certificate, plaintiff below was not entitled to recover the unpaid portion of the salary.

This court finds, however, that a final judgment can not be entered in favor of the plaintiff for the reason that there was no motion to direct a verdict at the conclusion of all the evidence, nor was there any request submitted to the court for an instructed verdict. **Woodman vs. Stahl, 28 Oh Ap 464, 467.**

Attention is called to the fact that there is a question whether mandamus was not the proper remedy in the instant case.

For the reasons given the judgment will be reversed and the cause remanded for further proceedings according to law.

Lloyd and Richards, JJ., concur.