## SUN OIL CO v DOLBEER et

Ohio Appeals, 2nd Dist, Clark So

No 358. Decided Feb 28, 1936

Nolan, Beigel & Mahrt, Dayton, and Keifer & Keifer, Springfield, for plaintiff in error.

James B. Malone, Springfield, for defendant in error.

### OPINION

By THE COURT

The original opinion in the above entitled cause ordered a remand for further proceedings according to law.

Counsel for plaintiff in error now file motion for final judgment.

The rule is well recognized that in actions at law final judgment may not be entered by the reviewing court unless the losing party has saved his record by filing motion at close of plaintiff's testimony for directed verdict and renews same at close of all the testimony.

Woodman v Stahl, 28 Oh Ap 464 (6 Abs 83);

Board of Education v Beckley, 8 Abs 751;

The Cincinnati Traction Co. v Durack, Admr., 78 Oh St 243;

The City of Zanesville v Stotts, 88 Oh St 557;

The Youngstown Suburban R. R. Co. v Faulk, 114 Oh St 572.

The instant case was an equity case, although presented in this court on error and not on appeal. Motion, while made for judgment at close of plaintiff's case, was not renewed. The reasons for the rule in actions at law are not present in chancery cases.

In the interests of justice the reviewing court may remand where the state of the record is such that it is reasonably apparent that further evidence might be presented on questions determined in the review and not covered under the theory of the case as presented in the trial court.

In the instant case the evidence on the vital questions is all in writing and of course cannot be changed. Under this condition the motion for final judgment will be sustained and the entry may be so drafted.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.

### ON APPLICATION TO SPECIFY GROUNDS OF REVERSAL

Decided March 12, 1936

By THE COURT

After releasing opinion in the above entitled cause and before entry, counsel for defendant in error filed application requesting the court to specify in writing the ground or grounds of such reversal, which said specifications are to be filed and kept with the papers in the case. This application is under favor of §12273 GC, which reads as follows:

"The Court of Appeals or Common Pleas Court so reversing a judgment upon the request of either party shall specify in writing the ground or grounds of such reversal which shall be filed and kept with the papers in the case."

As we view this provision of the statute it is intended to cover cases where the reviewing court has not pre- pared and filed a written opinion. In earlier years it was the practice in this district, and still is in many other districts of the state not to file written opinions except in selected cases, where it is desired to present same for publication.

It is the present practice of this court as now constituted to write opinions in all cases. Through the written opinion filed in this case the section has been complied with.

If counsel desire entry may be presented reciting the fact of filing and order made for preservation with the papers in the case. Also entry of reversal may show ground of reversal, as set out in opinion.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.